IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 1:19-cr-25 |
| ) | |
| VICTOR KEENAN LEMMONS ) | |

## MEMORANDUM ORDER

Defendant Victor Keenan Lemmons pled guilty to charges of bank fraud and conspiracy and was sentenced to 48 months' imprisonment to be followed by a 3-year term of supervised release. Restitution was also ordered in the amount of $191,486.83. ECF Nos. 105, 112. Defendant was later revoked from supervised release and sentenced to additional jail time, to be followed by 24 months of supervised release. At that time, the Court ordered that the remaining balance of Defendant's restitution (i.e., $180,207.98) remain in effect. ECF No. 155.

Defendant has now filed several motions asking the Court to modify the terms of his restitution payments, ECF No. 157, defer the restitution payments, ECF No. 158, and modify the terms of his probation, ECF No. 159. The Government has filed an omnibus response opposing all three motions. ECF No. 161.

Defendant's motions will be denied, largely for the reasons outlined in the Government's response. Specifically, Defendant's request to defer and modify the terms of his restitution payments will be denied without prejudice, as Defendant has not provided evidence to support a material change in his economic circumstances warranting the requested relief. *See* 18 U.S.C. §3664(k); *United States v. Savage*, 466 F. App'x 68, 70 (3d Cir. Mar. 1, 2012); *United States v. Banks*, 430 F. App'x 179, 181 (3d Cir. June 6, 2011); *United States v. Knight*, 315 F. App'x 435,

437 (3d Cir. Mar. 5, 2009).  Unlike Defendant, the Court does not consider his recent release from prison as sufficient grounds to infer financial hardship.

Defendant also seeks a modification of his supervised release terms so that he can attempt to establish his personal credit.  Given the Defendant's history of engaging in fraudulent financial activity, and considering also his need to make outstanding restitution payments, the Court finds no basis for granting the requested relief.  Accordingly,

IT IS ORDERED, this 12 day of June, 2024, that Defendant's Motion to Modify Restitution Payments, ECF No. [157], Motion for Deferral of Restitution Payments, ECF No. [158], and Motion for Modification of Probation Terms, ECF No. [159], shall be, and hereby are DENIED without prejudice.

SUSAN PARADISE BAXTER
United States District Judge